## In re Dissolution of East Berlin Railroad Company

*J. Donald Swope* and *Richard A. Brown,* for plaintiff.

SHEELY, P. J., October 31, 1939.—This is an application by East Berlin Railroad Company, a corporation, for dissolution under the Act of April 9, 1856, P. L. 293, 15 PS §501. A hearing was held upon the petition after notice to all stockholders and creditors by registered mail, and to the public generally by advertisement, as directed by preliminary order of court.

Testimony was produced to show that for the past four years and longer the road has been operated at a loss, with income dropping from $4,834 in 1936 to $1,968 in the first nine months of 1939; that the road bed has deteriorated to the point where it is becoming unsafe for travel, and the cost of repairs thereto would be more than the company could raise; that the usefulness of the road for the transportation of passengers and freight is practically ended, due to automobile, bus, and truck competition; and that the road is used by only a few shippers who could handle their products as cheaply and efficiently by truck. Under this testimony the court has no difficulty in concluding that the prayer of the petition may be granted without prejudice to the public welfare or the interest of the corporators, and would enter a decree in accordance with the prayer of the petition but for one obstacle.

In New York & Pa. Ry. Co. v. The Public Service Comm., 72 Pa. Superior Ct. 523 (1919), the question of

the jurisdiction of the Public Service Commission over dissolution of public utility companies was considered. In an opinion by President Judge Keller, the court held that the Act of 1856, supra, furnished a full and complete method of procedure for corporations desiring to surrender their charter powers and quit business or dissolve, and that there was nothing in The Public Service Company Law of July 26, 1913, P. L. 1374, that applied to such surrender or dissolution; that the provisions of that act were limited to such corporations as continued to retain their powers and enjoy their franchises. This decision was followed in Carlisle Borough v. Public Service Comm., 81 Pa. Superior Ct. 475 (1923), and in Norristown v. Reading Transit & Light Co. et al., 277 Pa. 459, 464 (1923).

In 1937 the legislature passed, and the Governor approved, the Public Utility Law of May 28, 1937, P. L. 1053, which repealed the former Public Service Company Law. In section 202 of the Public Utility Law it is provided that, "Upon approval of the commission, evidenced by its certificate of public convenience first had and obtained, and upon compliance with existing laws, and not otherwise, it shall be lawful. . . .

"(d) For any public utility to dissolve, or to abandon or surrender, in whole or in part, any service, right, power, franchise, or privilege . . .".

The language of this section is explicit and applies both to dissolution proceedings and to the surrender of franchises. The section was undoubtedly incorporated into the act (provision therefor being made in the title) to accomplish what Judge Keller, in the New York & Pennsylvania Railway Company case, supra, recognized that the legislature might do: to commit to the Public Utility Commission the duty of determining whether the dissolution of a corporation might be prejudicial to the public welfare.

Committing that duty to the Public Utility Commission does not oust the jurisdiction of the court in dissolu-

tion proceedings, but before a decree of dissolution can be entered by the court of common pleas a certificate of public convenience, evidencing the approval of the Public Utility Commission, must be filed of record. The present proceedings should, therefore, be continued generally until the Public Utility Commission has acted.

And now, October 31, 1939, it is ordered and decreed that the dissolution proceedings in the matter of East Berlin Railroad Company be continued pending application by the company to the Public Utility Commission for approval of the dissolution of said corporation and the surrender of its franchises. Upon the filing of a certificate of public convenience evidencing the approval of the commission, a decree of dissolution will be signed.